## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

JEROME ADRIAN DAVID,                )
                                    )
     Plaintiff,                     )
                                    )
v.                                  )          Case No. CIV-21-534-SLP
                                    )
SCOTT CROW, et al.,                 )
                                    )
     Defendants.                    )

## O R D E R

Before the Court is Plaintiff's Motion for Entry of Default [Doc. No. 134]. Defendant Lonnie Lawson has filed a Response [Doc. No. 141]. The matter is at issue. For the reasons that follow, Plaintiff's Motion for Entry of Default is GRANTED and SET ASIDE pursuant to Fed. R. Civ. P. 55(c).

The record shows that on May 31, 2022, a Return of Service [Doc. No. 82] was filed demonstrating that Plaintiff served Defendant Lawson with the Second Amended Complaint. Approximately seven months later, on December 23, 2022, Plaintiff filed his Motion for Entry of Default. At the time of that filing, Defendant Lawson had failed to plead or otherwise defend the action.

However, on January 12, 2023, counsel for Defendant Lawson filed an Entry of Appearance [Doc. No. 136] and Motion for Extension of Time [Doc. No. 137] requesting additional time to respond to Plaintiff's Motion. The Court granted the Motion. *See*

Order [Doc. No. 139].  And on March 9, 2023, Defendant filed his Response.  As set forth above, the matter is now at issue.[1]

Rule 55(a) of the Federal Rules of Civil Procedure provides: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  Fed. R. Civ. P. 55(a).  At the time Plaintiff moved for entry of default, Defendant had not timely filed an answer or other response to Plaintiff's Second Amended Complaint or otherwise taken action to defend.[2]  "The entry of default is therefore not discretionary."  *Bricklayers and Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Constr., LLC*, 779 F.3d 182, 186 (2d Cir. 2015); *see also Ryder v. Bartholomew*, 715 F. App'x 144, 148 n. 8 (3d Cir. 2017) (Rule 55(a) describes a mandatory act by the court clerk (or the court)[.]"); *Tracy v. Stephens*, No. 1:21-CV-00152-CV-CMR, 2022 WL 195313 at *2 (D. Utah Jan. 21, 2022) ("Entry of default is not discretionary if the plaintiffs show that the defendants have 'failed to plead or otherwise defend,' and 'that failure is shown by affidavit.'" (quoting Fed. R. Civ. P. 55(a)).  Accordingly, pursuant to Rule 55(a), the Clerk of Court is directed to enter default.

After the entry of default, however, "[t]he court may set aside an entry of default for good cause."  Fed. R. Civ. P. 55(c).  Defendant's Response challenges entry of

---

[1] The Court further notes that one day prior to filing his Response, Defendant Lawson filed a Motion to Dismiss [Doc. No. 140].

[2] Defendant does not raise any challenge to service of the Second Amended Complaint or otherwise contest that the requirements of Rule 55(a) have been satisfied.

default.[3]   Defendant argues that any default was "technical" because it was due to "excusable neglect."   Def.'s Resp. at 4 (citing Fed. R. Civ. P. 6(b)(1)(B)).   Defendant further argues this case is in the "beginning phases of litigation" and, therefore, Plaintiff will not be prejudiced.   *Id*. at 5.   Defendant offers as the "most compelling reason" to deny entry of default this Court's lack of subject matter jurisdiction over Plaintiff's claims against Defendant Lawson because "Plaintiff failed to exhaust his administrative remedies."   *Id*. at 6.[4]

Some district courts within the Tenth Circuit have, under circumstances similar to those presented here, found entry of default proper, but have immediately set aside the default under Rule 55(c) by construing the response in opposition to the motion for entry of default as a Rule 55(c) motion.   *See, e.g., Tracy*, 2022 WL 195313 at *1-3 (citing *Behounek v. Grisham*, No. 1:20-CV-00405-JCH-LF, 2020 WL 5757798 (D.N.M. Sept.

---

[3] Defendant also argues that default *judgment* should not be entered against him.   But Plaintiff has not yet moved for default judgment.   Plaintiff has only moved for entry of default.   *See, e.g., Murphy v. Bd. of Comm'rs of Sandoval Cnty.*, No. 17-CV-0585-SWS/MLC, 2017 WL 11533675 at *1 (D.N.M. Sept. 21, 2017) (recognizing that although no published case from the Tenth Circuit has addressed the issue, Rule 55 mandates a two-step process for a party who seeks default judgment in his favor and "the clear weight of authority holds that a party must seek entry of default by the clerk before it can move the court for default judgment." (citing cases)).   Thus, the Court need not address Defendant's responsive arguments with respect to default judgment.

[4] This is an incorrect statement of law.   Defendant appears to reference the exhaustion requirement of 42 U.S.C. § 1997e(a) governing actions brought by prisoners challenging prison conditions.   Although Defendant's argument includes no supporting citation, in his Motion to Dismiss, Defendant moves for dismissal on exhaustion grounds and relies on § 1997e(a).   *See* Mot. to Dismiss at 5-11.   It is well-established law, however, that § 1997e(a)'s exhaustion requirement is not jurisdictional, but is an affirmative defense.   *See Jones v. Bock*, 549 U.S. 199, 211-12, 216 (2007).

28, 2020), *report and recommendation adopted*, 2020 WL 6117810 (D.N.M. Oct. 16, 2020)).  The Court finds such action is appropriate here.

"Good cause" is required to set aside the entry of default under Rule 55(c).  Fed. R. Civ. P.. 55(c).   The good cause standard under Rule 55(c) is a lesser standard than excusable neglect required under Rule 60(b).  *Dennis Garberg & Assocs., Inc. v. Pack-Tech Int'l Corp*., 115 F.3d 767, 775 n. 6 (10th Cir. 1997).  "[P]rincipal factors" for the court to consider in determining whether a defendant has met the good cause standard include: "(1) whether the default was the result of culpable conduct of the defendant, (2) whether the plaintiff would be prejudiced if the default should be set aside, and (3) whether the defendant presented a meritorious defense."  *Hunt v. Ford Motor Co*., No. 94-3054, 1995 WL 523646 at *3 (10th Cir. Aug. 29, 1995).

Here, as explained in the Declaration of Kari Hawkins, General Counsel for the Oklahoma Department of Corrections (ODOC), at the time this lawsuit was filed, the correctional facility where Plaintiff's claims arose had been closed and Defendant Lawson had been transferred to another position within the ODOC and was working remotely.  *See* Hawkins Decl. [Doc. No. 141-1], ¶¶ 3-4.  Ms. Hawkins obtained Defendant Lawson's permission to be served at the ODOC's administrative headquarters.  *Id*., ¶ 5.[5]  And, consistent with the Return of Service, Ms. Hawkins states that Dustie

---

[5] It appears this arrangement was in response to the Magistrate Judge's Order [Doc. No. 67] directing the ODOC to provide to the USMS the last known address of Defendant Lawson (and other Defendants) so that service could be effected.

Haney, a legal assistant employed by ODOC, accepted service. *Id*., ¶ 5; *see also* Return of Service [Doc. No. 82].

Thereafter, however, ODOC "inadvertently failed to convey to the Oklahoma Attorney General's Office that service upon Mr. Lawson had been completed, and [O]DOC thereby did not request representation for Mr. Lawson." *Id*., ¶ 6. According to Ms. Lawson, this oversight was "completely unintentional, as [O]DOC had requested representation for the other Defendants in the case." *Id*., ¶ 9.[6]

"Generally, a defendant's conduct is considered culpable if he has defaulted willfully or has no excuse for the default." *Hunt*, 1995 WL 523646 at *3. Here, there is no evidence that Defendant Lawson defaulted based on any willful conduct. Instead, his employer failed to convey the necessary information regarding service to the Attorney General's Office. Although it is somewhat troublesome that the information was properly conveyed as to two other Defendants served on the same date as Defendant Lawson, there is no evidence of culpable conduct.

Furthermore, the remaining two factors weigh in favor of finding good cause to excuse the default. The Court finds that Plaintiff will not be prejudiced by setting aside the default and further that Defendant Lawson has a meritorious defense.[7] Currently

---

[6] The other Defendants to which Ms. Hawkins refers are likely Defendant Eike and Defendant Siegfried, both served on the same day and in the same manner as Defendant Lawson. *See* Returns of Service [Doc. No. 82].

[7] Whether a defendant has a meritorious defense requires only the "alleging of sufficient facts that, if true, would constitute a defense" and the court does not look at the "likelihood that the defendant will prevail on the merits" but instead whether "the proposed defense is legally cognizable such that it would constitute a defense to the claims if proved at trial[.]" *Behounek*, 2020 WL 5757798 at *4.

pending before the Court is the Magistrate Judge's Second Supplemental Report and Recommendation (R&R) [Doc. No. 85].  In that R&R, the Magistrate Judge recommends dismissal of Plaintiff's claims against Defendant Lawson pursuant to 28 U.S.C. § 1915(e)(2)(B).  *See id*. at 27, n. 9 and 50.[8]  Plaintiff has had the opportunity to object to the R&R.  *See* Pl.'s Obj. [Doc. No. 93].  These circumstances demonstrate that remaining factors of the analysis bolster setting aside the entry of default.  The R&R demonstrates, for purposes of Rule 55(c), that Defendant Lawson has a meritorious defense.  The fact that Plaintiff has had the opportunity to respond to such a defense demonstrates a lack of prejudice.  Moreover, although the Court disagrees with Defendant's characterization that this case is in the "beginning phases of litigation," the case has not proceeded to such a point that Plaintiff would be prejudiced by setting aside the default.[9]

IT IS THEREFORE ORDERED that Plaintiff's Motion for Entry of Default [Doc. No. 134] is GRANTED and the Clerk of Court is directed to enter the default of Defendant Lonnie Lawson of record.

IT IS FURTHER ORDERED that once entered, the Clerk's Entry of Default shall be set aside pursuant to Fed. R. Civ. P. 55(c).

---

[8] The Magistrate Judge found dismissal proper notwithstanding any service-related issues.  *See id*. at 27, n. 9.

[9] Multiple reports and recommendations have been entered in this case but remain pending and no scheduling order has been entered.  Nonetheless, the pending reports and recommendations may be dispositive of some or all of Plaintiff's claims.

IT IS SO ORDERED this 14th day of March, 2023.


_____
**SCOTT L. PALK**
**UNITED STATES DISTRICT JUDGE**