**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| JEROME ADRIAN DAVID, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-21-534-SLP |
| | ) |
| SCOTT CROW, et al., | ) |
| | ) |
| Defendants. | ) |

**O R D E R**

Before the Court is the Second Supplemental Report and Recommendation [Doc. No. 85] (R.&R.), issued by United States Magistrate Judge Gary M. Purcell pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). Plaintiff, a state prisoner appearing pro se, seeks civil rights relief, alleging violations of his federal constitutional rights under 42 U.S.C. § 1983. The Magistrate Judge recommended granting in part, and denying in part, the Motion to Dismiss of Defendants Scott Crow, Barbara Glover, Cheri Atkinson, Heidi Prather, Mark Knutson and Susan Goodwin (collectively, Movants) [Doc. No. 64], after converting it to a motion for summary judgment. The Magistrate Judge further recommended dismissal on screening of Plaintiff's claims against Defendants Linda Eike, Persli Elsi and Lonnie Lawson (collectively Non-Movants) pursuant to 28 U.S.C. § 1915(e)(2)(B).

Plaintiff has filed an Objection [Doc. No. 93] to the R.&R. Also, Defendant Atkinson has filed an Objection [Doc. No. 89] to the R.&R.[1] Accordingly, the Court must

---

[1] No responses to the objections were filed. *See* Fed. R. Civ. P. 72(b)(2).

make a de novo determination of those issues specifically raised by the Objections, and may accept, modify, or reject the recommended decision. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

## I.     Background

Plaintiff is a state prisoner in the custody of the Oklahoma Department of Corrections (ODOC). At all times relevant to the claims raised in the Second Amended Complaint [Doc. No. 23, 23-1, 23-2 and 23-3], Plaintiff was housed at William S. Key Correctional Center (WSKCC).

Plaintiff brings claims pursuant to 42 U.S.C. § 1983 alleging Defendants have violated his rights under the First, Eighth and Fourteenth Amendments to the United States Constitution. Plaintiff purports to sue Defendants in both their individual and official capacities.

Plaintiff alleges one or more Defendants knowingly allowed rat and pest infestation in the kitchen; served spoiled milk and food; served food with rat droppings in them and/or food from which rats have eaten; refused to provide him a heart healthy diet as ordered by a physician; interfered with his ability to exhaust his administrative remedies; ordered him to do jobs involving dangerous chemicals without training and while refusing to provide personal protective equipment resulting in burns on his face, neck and hands; twice terminated his employment in retaliation for reporting portions of the previous allegations; and interfered with his use of the grievance process.

Movants seek dismissal and/or summary judgment on the following grounds: (1) Plaintiff failed to exhaust administrative remedies on his claims regarding pest infestation,

medical diet, grievance interference, retaliation and chemicals; (2) Plaintiff failed to state a claim for an Eighth Amendment violation regarding dental care; (3) Defendant Crow did not personally participate in any constitutional violation; and (4) qualified immunity.[2]

## II.    Dispositive Rulings of the Magistrate Judge

The Magistrate Judge recommended granting summary judgment in favor of Movants Prather, Glover and Goodwin as to the claims brought against each of them on grounds Plaintiff failed to exhaust administrative remedies as required by 42 U.S.C. § 1997e(a). He similarly recommended dismissal on screening as to Plaintiff's claims against Non-Movants Eike, Elsi and Lawson based on Plaintiff's failure to exhaust administrative remedies. R.&R. at 27 and n. 9.[3]  The Magistrate Judge further found Plaintiff had not been thwarted in his efforts to exhaust administrative remedies by Defendants Lawson, Crow and Knutson. *Id.* at 24-25.

---

[2] At the time the Motion was filed, Movants pointed out that the following additional Defendants had not yet been served: Lonnie Lawson, Tammy Foster, Carrie Bridges, Persli Elsi, Linda Eike, Paul Haines, Rhodona Thomas, T. Lauer, FNU Pludau, T. Hastings Siegfried, Joe M. Allbaugh and FNU Aitson. *See* Mot. at 8, n. 2. When the Magistrate Judge ruled on the Motion, he noted that Defendants Bridges, Thomas, and Pludau were not named in the Amended Complaint and were not parties to the action. He further noted that all remaining Defendants had been served except for Defendants Elsi, Allbaugh, Aitson and Lauer. The Magistrate Judge addressed Plaintiff's claims against Defendant Elsi, but not the claims against Defendants Allbaugh, Aitson and Lauer. *See* R.&R. at 3, n. 1. The latter claims have been addressed by separate orders.

[3] Specifically, the Magistrate Judge found Plaintiff did not complete the exhaustion process as to his Eighth Amendment claims based on kitchen conditions and chemical exposure against Defendants Eike, Elsi, Glover, Goodwin and Prather. R.&R. at 24-27. Although Defendants Eike, Elsi and Lawson did not move for dismissal and/or summary judgment, the Magistrate Judge recommended their claims be dismissed without prejudice for failure to exhaust. *See id.* at 27, n. 9. The Magistrate Judge further found Plaintiff failed to exhaust his First Amendment retaliatory discharge claims arising from his kitchen and bathroom orderly positions against Defendants Eike, Goodwin and Lawson. *Id.* at 24.

3

Separately, the Magistrate Judge found Plaintiff's Fourteenth Amendment claims against Defendants Crow, Lawson and Knutson, alleging that they interfered with Plaintiff's grievance process, should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted. *Id*. at 46-47.

As to Plaintiff's Eighth Amendment claims regarding dental care, the Magistrate Judge recommended granting summary judgment in favor of Defendant Crow. *Id*. at 44-45. The Magistrate Judge further recommended granting summary judgment in favor of Defendant Atkinson as to Plaintiff's claim based on any delay and/or denial of dental treatment, characterizing this claim as an "individual capacity" claim. *Id*. at 38-44. But the Magistrate Judge recommended denying summary judgment as to Plaintiff's claim against Defendant Atkinson based on inadequate dental care staffing, characterizing this claim as an "official capacity" claim. *Id*. at 32-44.

### III. Plaintiff's Objection

In his Objection, Plaintiff does not challenge any of the above findings of the Magistrate Judge. Accordingly, Plaintiff has waived his right to appellate review of the factual and legal issues addressed in the R.&R. *See, e.g., Williams v. Denmar, LLC*, No. 23-1029, 2024 WL 340656 at *2 (10th Cir. Jan. 20, 2024) (citing *Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1119 (10th Cir. 2005)). Furthermore, neither exception to the firm waiver rule applies. *Id*. First, Plaintiff was advised of the time period and consequences of failing to object. *See* R.&R. at 50. Second, the interests of justice exception does not apply. Factors the Court must consider include: "(1) a pro se litigant's effort to comply;

(2) the force and plausibility of the explanation for his failure to comply; and (3) the importance of the issues raised." *Morales-Fernandez*, 418 F.3d at 1120.

Plaintiff contends he was denied access to the law library and, therefore, could not timely and properly respond to Defendants' Motion to Dismiss. The record reflects that on March 28, 2022, Movants filed their Motion to Dismiss. The following day, on March 29, 2022, the Magistrate Judge entered an Order [Doc. No. 65] advising Plaintiff of his opportunity to respond on or before April 18, 2022, and further advising Plaintiff of Rule 56 of the Federal Rules of Civil Procedure, permitting conversion of a motion to dismiss to a motion for summary judgment. The Order was mailed to Plaintiff at Jackie Brannon Correctional Center (JBCC) in McAlester, Oklahoma, where he was then housed. *See* Notice of Change of Address [Doc. No. 52] (filed March 8, 2022). Plaintiff did not respond to the Motion and on June 1, 2022, the Magistrate Judge entered the pending Second Supplemental R.&R.

Plaintiff states in his Objection that he "filed" a Motion for Extension of Time, which he attaches as Exhibit 1(A) [Doc. No. 93-1], but that it is not reflected on the Court's docket. *See* Obj. at 5. For the very reason that the purported filing is not shown on the docket, the Court rejects Plaintiff's contention that it was "filed." Additionally, a review of Exhibit 1(A) demonstrates that it does not seek an extension of time to respond to the Motion to Dismiss addressed in the Second Supplemental R.&R., but instead addresses a

5

purported "Motion to dismiss from Defendant's representative for failure to serve seven (7) defendants." Doc. 93-1 at 2.[4]

Most importantly, however, the Court *did* receive Plaintiff's Motion for Extension of Time [Doc. No. 76] filed May 27, 2022 in which he sought an extension of time within which to respond to the Motion to Dismiss addressed in the Second Supplemental R.&R. The Magistrate Judge struck the Motion. *See* Order [Doc. No. 76]. The Magistrate Judge addressed, and rejected, several of the same arguments Plaintiff makes in his Objection regarding his alleged impeded access to the law library. *Id.*[5] Additionally, the Magistrate Judge noted that Plaintiff had not complied with Rule 11(a) of the Federal Rules of Civil Procedure because he failed to sign the Motion. *Id.*

Plaintiff did not timely seek relief with respect to the Magistrate Judge's Order. *See* Fed. R. Civ. P. 72(a) (addressing referral of non-dispositive matters to a magistrate judge and providing that objections must be filed within fourteen days and further providing that "[a] party may not assign as error a defect in the order not timely objected to"). And the Court's independent review of the record supports the Magistrate Judge's rejection of Plaintiff's request for an extension of time.

The Court finds no basis for applying the interest of justice exception to the firm waiver rule. As the Magistrate Judge determined, Plaintiff did not adequately make an

---

[4] Based on the Court's review of the docket, no motion to dismiss on this basis exists.

[5] In his Objection, Plaintiff contends his access to court was hindered during the months of March, April and May, 2022. *See* Obj. at 11. But the Court's docket reflects multiple filings made by Plaintiff during that time period. *See, e.g.*, Doc. Nos. 52, 53, 58, 61, 69, 72, 76.

"effort to comply" and the "force and plausibility" of his explanation is uncorroborated. As to the "importance of the issues" factor, Plaintiff has wholly failed to address the grounds for granting summary judgment and/or dismissing his claims against Defendants as set forth in the R&R. Upon independent review of the record and applicable law, the Court finds no plain error with respect to the recommendations of the Magistrate Judge.

## IV.    Defendant Atkinson's Objection

Plaintiff brings an Eighth Amendment claim against Defendant Atkinson, the Medical Services Administrator for the ODOC, based on inadequate dental staffing and a delay and/or denial of dental care. He alleges that Defendant Atkinson "provided only one dentist and one dental assistance at WSKCC with a prison population of 700 plus inmates." Sec. Am. Compl., Att. A [Doc. No. 23-3] at 5. He claims as a result there were "constraints in the Dental Emergencies for inmates." *Id.* He further contends Defendant Atkinson knew about the condition of his teeth "through D.D.S. Paul Haines Dental chart examination and investigation." *Id*.

As set forth, the Magistrate Judge recommended granting summary judgment in favor of Defendant Atkinson as to Plaintiff's claim based on any delay and/or denial of dental treatment, characterizing this claim as an "individual capacity" claim. *Id*. at 38-44. The Magistrate Judge found Defendant Atkinson did not personally participate in the denial of his dental care. *Id*. Plaintiff did not object to this finding and for the reasons previously discussed, the Court adopts this finding.

But the Magistrate Judge recommended denying summary judgment as to Plaintiff's claim based on inadequate dental care staffing, characterizing this claim as an "official

7

capacity" claim. *Id*. at 32-44. In denying summary judgment, the Magistrate Judge rejected Defendant Atkinson's argument that because she was not responsible for hiring and firing decisions at WSKCC, Plaintiff's claim against her had no basis in fact or policy. R.&R. at 36 (citing Defs.' Mot. at 22). The Magistrate Judge determined that Plaintiff's claim was not based on hiring and firing decisions, but instead on "a *lack* of dentists" at WSKCC. *Id*. at 36 (emphasis in original). The Magistrate Judge further determined, upon review of various ODOC policies, that Defendant Atkinson appeared to "play a key role, possibly the primary role, in determining the number of WSKCC health care positions, including dental care staff." *Id*. at 37 (citing OP-140101, Organizational Responsibility of Medical Services [Doc. No. 64-2]. The Magistrate Judge determined that a factual dispute existed with respect to Defendant Atkinson's role which precluded summary judgment.

The Magistrate Judge purported to make this determination in the context of reviewing Plaintiff's *official capacity* Eighth Amendment claim against Defendant Atkinson. *See* R.&.R. at 32-33 (using the heading of "Official Capacity" and leading off with the statement: "Plaintiff bases his official capacity Eighth Amendment claim on inadequate dental care staffing."). But a review of the analysis which follows shows that the Magistrate Judge applied case law addressing *individual liability* under § 1983 against a *supervisor*. *See* R.&R. at 33 (citing *Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 767 (10th Cir. 2013); *Dodds v. Richardson*, 614 F.3d 1185, 1199 (10th Cir. 2010)).[6] This case law is wholly inapposite to the issue of official capacity liability under

---

[6] "A § 1983 defendant sued in an individual capacity may be subject to personal liability and/or supervisory liability." *Est. of Booker v. Gomez*, 745 F.3d 405, 435 (10th Cir. 2014) (quotation

§ 1983.  And the Magistrate Judge cites no case law addressing any official capacity liability.

In her Objection Defendant Atkinson argues that she is the Medical Services Administrator for the ODOC.  She contends it is the chief medical officer and chief dental officers – and not her – who are responsible for "the compliance and annual review and revisions of procedures."  Obj. at 2.  In other words, Defendant Atkinson argues that she was not responsible for determining the number of dentists at any given facility.

As noted, Plaintiff did not respond to Defendant Atkinson's Objection.  But even assuming Defendant Atkinson did play a primary role in determining the number of dentists needed to provide dental treatment at WSKCC, the Court finds that fact is not dispositive.  According to the Magistrate Judge a question of fact exists as to whether "Defendant Atkinson *should have known* that one dentist and assistant for over 700 inmates would lead to constitutional delays and deficiencies in the dental care provided that would result in injuries similar to Plaintiff's."  *Id*. at 38 (emphasis added).[7]  But the Court respectfully

---

marks omitted). However, § 1983 "does not authorize liability under a theory of respondeat superior." *Id*. (quotation marks omitted). Thus, in the context of supervisory liability, "[t]he plaintiff . . . must show an 'affirmative link' between the supervisor and the constitutional violation." *Id*. (quotation marks omitted). This requires "more than a supervisor's mere knowledge of his subordinate's conduct." *Id*. (quotation marks omitted). "Rather, a plaintiff must satisfy three elements . . . to establish a successful § 1983 claim against a defendant based on his or her supervisory responsibilities: (1) personal involvement; (2) causation; and (3) state of mind." *Id*. (alteration in original) (internal quotation marks omitted).

[7] The Magistrate Judge appears to have improperly relied on the definition of deliberate indifference in the context of municipal liability. *See* R.&R. at 37-38 (citing *Burke v. Regalado*, 935 F.3d 960, 998 (10th Cir. 2019) (addressing deliberate indifference of a "local government policymaker", i.e., a municipal or county policymaker). As the Tenth Circuit has explained: "'In the prison conditions context, deliberate indifference is a subjective standard requiring actual knowledge of a risk by the official' while '[i]n the municipal liability context, deliberate

disagrees that the record supports finding a sufficient factual dispute exists to preclude summary judgment.

Plaintiff makes no allegations, nor is there is any evidence in the record, that any inadequate dental staffing issues at WSKCC had previously been brought to the attention of Defendant Atkinson.[8] Accordingly, Plaintiff fails to demonstrate that Defendant Atkinson acted with any sufficiently culpable state of mind. *See Barney v. Pulsipher*, 143 F.3d 1299, 1310 (10th Cir. 1988) (To establish Eighth Amendment claim, a prison official must act with a sufficiently culpable state of mind and a prison official is liable only if the official knows of and disregards an excessive risk to inmate health and safety. It is not enough to establish that the official should have known of the risk of harm." (internal quotation marks and citation omitted)); s*ee also Lobozzo v. Colo. Dept. of Corrs.*, 429 F. App'x 707, 712 (10th Cir. 2011) ("Just numbers . . . without more, do not create an inference that the CDOC Defendants had actual or constructive notice that their action or failure was substantially certain to result in a constitutional violation, and they consciously and deliberately chose to disregard the risk of harm." (internal quotation marks and citation omitted)); *Verdecia v. Adams*, 327 F.3d 1171, 1176 (10th Cir. 2003) (Th[e] [subjective] awareness requirement exists because prison officials who lacked knowledge of a risk

---

indifference is an objective standard which is satisfied if the risk is so obvious that the official should have known of it.'" *George, on behalf of Bradshaw v. Beaver Cnty, by and through Beaver Cnty Bd. of Comm'rs*, 32 F. 4th 1246, 1258 n. 3 (quoting *Barney*, 143 F.3d 1299, 1307, n. 5)).

[8] And with respect to Plaintiff bringing the issue to Defendant Atkinson's attention, the Magistrate Judge correctly determined that the fact Plaintiff raised the issue in a grievance submission reviewed by Defendant Atkinson is an insufficient basis upon which to hold her individually liable. *See* R.&R. at 40-44.

cannot be said to have inflicted punishment in a manner that violates the Eighth Amendment." (internal quotation marks and citation omitted). And there is no evidence that inadequate staffing resulted in Plaintiff's alleged delay or denial of dental treatment. "A constitutional violation may not be established by reliance upon unsupported assumptions." *Hovater v. Robinson*, 1 F.3d 1063, 1068 (10th Cir. 1993). Plaintiff only conclusorily alleges that the ratio of dentists to inmates resulted in a violation of his Eighth Amendment rights. To this end, "[i]t is not the failure to have a doctor at a prison that violates the Eighth Amendment; it is when that failure leads to deliberate indifference to serious medical needs." *Daly v. Wiley*, No. 08-CV-411-PAB-BNB, 2010 WL 935660 at *2 (D. Colo. March 10, 2010).

In a separate Order, the Court has thoroughly reviewed Plaintiff's claims involving the alleged delay and/or denial of dental care at WSKCC.[9] The record does not show that inadequate staffing resulted in deliberate indifference to Plaintiff's serious dental needs. To the contrary, Plaintiff received continuous dental care during his period of incarceration at WSKCC. The Court finds Plaintiff's Eighth Amendment claim against Defendant Atkinson based on inadequate staffing fails as a matter of law.[10]

Defendant Atkinson further asserts that any official capacity claim must be dismissed on Eleventh Amendment immunity grounds. Defendant Atkinson did not move

---

[9] The referenced Order addresses the Magistrate Judge's Fifth and Sixth Supplemental Reports and Recommendations. *See* Order [Doc. No. 179].

[10] As the Court has discussed in its Order addressing the Magistrate Judge's Fifth and Sixth Supplemental Reports and Recommendations, it does not appear that Plaintiff exhausted any claim regarding inadequate staffing. *See* Order [Doc. No. 179] at 33, n. 29.

for dismissal and/or summary judgment on grounds of Eleventh Amendment immunity. However, the issue implicates the Court's jurisdiction. *See Havens v. Colo. Dep't of Corrs.*, 897 F.3d 1250, 1260 (10th Cir. 2018). And the Court has discretion to address the issue sua sponte. *See U.S. ex rel. Burlbaw v. Orenduff*, 548 F.3d 931, 942 (10th Cir. 2008) 942 (permitting court to raise Eleventh Amendment sovereign immunity sua sponte); *see also* 28 U.S.C. §§ 1915(e)(2)(iii), 1915A(b)(2); 42 U.S.C. § 1997e(c)(1).

The Oklahoma Department of Corrections (ODOC) is a state agency and, as such, is an arm of the state to which Eleventh Amendment immunity applies. *See, e.g., Eastwood v. Dep't of Corr. of Okla.*, 846 F.2d 627, 631-32 (10th Cir. 1988). Defendant Atkinson is an employee of the ODOC. Plaintiff's Eighth Amendment claim against Defendant Atkinson in her official capacity is treated as a claim against the state itself. *See Callahan v. Poppell*, 471 F.3d 1155, 1158 (10th Cir. 2006) ("When a suit alleges a claim against a state official in his official capacity, the real party in interest . . . is the state, and the state may raise the defense of sovereign immunity under the Eleventh Amendment." (quotations omitted)).

The Eleventh Amendment grants states immunity from suits brought pursuant to § 1983 unless such immunity is specifically waived or overridden by Congress. *See Welch v. Tex. Dep't of Highways and Public Trans.*, 483 U.S. 468, 472-74 (1987) (finding federal courts barred from considering § 1983 actions against states unless state's sovereign immunity is specifically waived or overridden by Congress). Congress did not abrogate the states' Eleventh Amendment immunity through the enactment of 42 U.S.C. § 1983. *See Quern v. Jordan*, 440 U.S. 332, 345 (1979). Neither has the State of Oklahoma waived its

sovereign immunity except in limited circumstances not applicable here. *See Ramirez v. Okla. Dep't of Mental Health*, 41 F.3d 584, 589 (10th Cir.1994) (noting that "Oklahoma has not waived its Eleventh Amendment immunity").

Plaintiff can only seek prospective injunctive relief against Defendant Atkinson in her official capacity. *See, e.g., Muscogee (Creek) Nation v. Pruitt*, 669 F.3d 1159, 1166 (10th Cir. 2012) (Under the *Ex parte Young*[11] exception to Eleventh Amendment sovereign immunity, "a plaintiff may bring suit against individual state officers acting in their official capacities if the complaint alleges an ongoing violation of federal law and the plaintiff seeks prospective relief."). But Plaintiff seeks no such prospective relief. Instead, his dental claims relate specifically to his period of incarceration at WSKCC.

The record reflects that WSKCC has been closed and Plaintiff is no longer incarcerated there. *See* Special Report [Doc. No. 62] filed 3/28/22 at 4 ("David was housed at WSKCC from November 2020 to July 2021. WSKCC was closed in 2021, and does not currently operate as a functioning prison." (citation omitted)); *see also* Notices of Change of Address [Doc. Nos. 15, 52, 132, 161, 172, 175, 176]. Plaintiff's transfer from WSKCC renders his claim against Defendant Atkinson moot. *See, e.g., Bacote v. Fed. Bureau of Prisons*, 94 F.4th 1162, 1167 (10th Cir. Mar. 5, 2024) (finding plaintiff's claims moot where "the location – and therefore conditions – of Plaintiff's confinement have changed" and the plaintiff had not asked any district court to relieve him of his current conditions). Accordingly, Plaintiff's official capacity claim is subject to dismissal.

---

[11] *Ex parte Young*, 209 U.S. 123 (1908).

## V. Official Capacity Claims against Defendants

The Magistrate Judge did not address Plaintiff's official capacity claims against the Movants or Non-Movants, other than Defendant Atkinson.[12]  Plaintiff's Second Amended Complaint indicates he sues all Defendants in both their individual and official capacities. *See* Sec. Am. Compl.   The Court finds dismissal without prejudice of Plaintiff's official capacity claims is proper.  For substantially the same reasons set forth above as to Defendant Atkinson, Plaintiff's official capacity claims are barred by Eleventh Amendment immunity.  Plaintiff does not seek prospective injunctive relief as to the claims against these Defendants.  And the claims arise from his incarceration at WSKCC where he is no longer incarcerated.  Accordingly, the Court dismisses the official capacity claims against the Movants and Non-Movants.

## VI. <u>Conclusion</u>

IT IS THEREFORE ORDERED that the Second Supplemental Report and Recommendation [Doc. No. 85] is ADOPTED IN PART.  The Court ADOPTS the Recommendation and GRANTS Defendants' Motion to Dismiss [Doc. No. 64], construed as a motion for summary judgment, and finds judgment as a matter of law should be entered as to the following claims:

---

[12] As discussed *supra*, the Magistrate Judge purported to address an "official capacity" claim against Defendant Atkinson, but actually addressed whether she could be held liable pursuant to her supervisory authority.

(1) in favor of Defendant Goodwin as to Plaintiff's Eighth Amendment claim related to alleged chemical exposure based on Plaintiff's failure to exhaust his administrative remedies;

(2) in favor of Defendant Goodwin as to Plaintiff's First Amendment retaliatory discharge from his bathroom orderly position based on Plaintiff's failure to exhaust his administrative remedies;

(3) in favor of Defendants Glover and Prather as to Plaintiff's Eighth Amendment claims related to kitchen conditions and/or infestation based on Plaintiff's failure to exhaust his administrative remedies;

(4) in favor of Defendant Atkinson, in her individual capacity and Defendant Crow as to Plaintiff's Eighth Amendment claim based on a denial/delay of dental care.

IT IS FURTHER ORDERED that the Court DECLINES to ADOPT the Second Supplemental Report and Recommendation to the extent it recommends that summary judgment be denied as to Plaintiff's Eighth Amendment claim against Defendant Atkinson based on inadequate dental staffing. The Court grants summary judgment in favor of Defendant Atkinson as to that claim.

IT IS FURTHER ORDERED that the Court DISMISSES WITHOUT PREJUDICE Plaintiff's official capacity claims against Defendant Atkinson based on Eleventh Amendment immunity. Alternatively, the Court DENIES the claim as MOOT.

IT IS FURTHER ORDERED that the Court DISMISSES WITHOUT PREJUDICE Plaintiff's official capacity claims against Defendants Crow, Glover, Prather, Knutson, Goodwin, Eike, Elsi and Lawson based on Eleventh Amendment immunity.

IT IS FURTHER ORDERED that the Second Supplemental Report and Recommendation [Doc. No. 85] is ADOPTED and the following claims are DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to exhaust administrative remedies:

(1) Plaintiff's Eighth Amendment claims related to chemical exposure against Defendant Eike;

(2) Plaintiff's First Amendment claim of retaliatory discharge from his bathroom orderly position against Defendant Eike;

(3) Plaintiff's Eighth Amendment claims related to kitchen conditions and/or infestation against Defendant Elsi;

(4) Plaintiff's First Amendment claim of retaliatory discharge from his kitchen position against Defendant Lawson.

IT IS FURTHER ORDERED that the Second Supplemental Report and Recommendation [Doc. No. 85] is ADOPTED and the following claims are DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief can be granted:

(1) Plaintiff's Fourteenth Amendment claims based upon alleged interference with the grievance procedure against Defendants Crow, Lawson and Knutson.

A separate judgment will be entered.

IT IS SO ORDERED this 19th day of July, 2024.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE