**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| JEROME ADRIAN DAVID, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-21-534-SLP |
| | ) |
| SCOTT CROW, et al., | ) |
| | ) |
| Defendants. | ) |

**O R D E R**

Before the Court is the Fourth Supplemental Report and Recommendation [Doc. No. 119] (R.&R.), issued by United States Magistrate Judge Gary M. Purcell pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). Plaintiff, a state prisoner appearing pro se, seeks civil rights relief, alleging violations of his federal constitutional rights under 42 U.S.C. § 1983. The Magistrate Judge has recommended denial of Plaintiff's Motion for Leave to Amend [Doc. No. 116].

Plaintiff has filed an Objection [Doc. No. 124] to the R.&R. Accordingly, the Court must make a de novo determination of those issues specifically raised by the Objection, and may accept, modify, or reject the recommended decision. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Also pending before the Court are: (1) Plaintiff's Motion for Relief from a Judgment or Order [Doc. No. 142]; and (2) Plaintiff's Motion for the Court to Take Judicial Notice [Doc. No. 171], filed subsequent to the Objection. For the reasons that follow, the Court

ADOPTS the Fourth Supplemental Report and Recommendation and DENIES Plaintiff's Motion for Leave to Amend.  The Court further DENIES Plaintiff's Motions.

**I.       Background**

Plaintiff commenced this action on May 21, 2021.  Compl. [Doc. No. 1].  Plaintiff's Second Amended Complaint [Doc. No. 23, 23-1, 23-2 and 23-3]], the operative complaint filed on August 10, 2021, raises claims arising from his incarceration at William S. Key Correctional Center (WSKCC) located in Fort Supply, Oklahoma.  Plaintiff was housed there at the time he commenced this action.

The Second Amended Complaint alleges three claims for § 1983 relief and names a total of fourteen defendants.  Claim 1 alleges violations of Plaintiff's Eighth Amendment rights.  He brings this claim against the following Defendants: P. Elsi; Glover; Prather; Aitson; T. Lauer; Tammy Foster; Cheri Atkinson; Joe M. Allbaugh; T. Hastings Siegfried; Scott Crow, Linda Eike, and Susan Goodwin.  He alleges his Eighth Amendment rights were violated based on unsanitary operations of the kitchen and delay and denial of dental care to include an unconstitutional policy for providing dental care.

Claim 2 alleges violations of Plaintiff's First and Fourteenth Amendment rights. Plaintiff alleges he was fired from his job as an orderly in retaliation for utilizing the prison grievance system.  He also challenges a policy of the Oklahoma Department of Corrections (ODOC) regarding the processing of chicken.  He brings this claim against the following Defendants: Linda Eike; Susan Goodwin; Lonnie Lawson; and Joe M. Allbaugh.

Claim 3 alleges violations of Plaintiff's Fourteenth Amendment rights. He brings this claim against the following Defendants: Scott Crow; Mark Knutson and Lonnie Lawson.

In total, Plaintiff names fourteen Defendants in the Second Amended Complaint. Of those fourteen Defendants, the Court has previously dismissed Defendants T. Lauer, *see* Order [Doc. No. 156] and Joe M. Allbaugh, *see* Order [Doc. No. 114]. Eight of the remaining twelve Defendants were employees at WSKCC during the time period relevant to Plaintiff's claims: Defendants Elsi, Glover, Prather, Aitson, Foster, Eike, Goodwin and Lawson. The remaining four Defendants were employees of the Oklahoma Department of Corrections (ODOC) during the relevant time period: Crow, Atkinson, Siegfried and Knutson.

The record shows that Plaintiff was transferred to Howard McLeod Correctional Center (HMCC) in July 2021. *See* Notice of Change of Address [Doc. No. 15]. He was then transferred to Jackie Brannon Correctional Center (JBCC) in March 2022. *See* Notice of Change of Address [Doc. No. 52]. He remained at JBCC until approximately November 2022. *See* Notice of Change of Address [Doc. No. 132]. At the time Plaintiff filed the pending Motion (in August 2022) seeking leave to file a Third Amended Complaint, he continued to be housed at JBCC. Plaintiff was subsequently housed at Great Plains Correctional Center. *See* Notice of Change of Address [Doc. No. 161]. Most recently, the

record reflects Plaintiff is housed at Northeast Oklahoma Correctional Center in Vinita, Oklahoma. *See* Notice of Change of Address [Doc. No. 176].[1]

## II. Discussion

### A. Plaintiff's Motion for Leave to Amend

As the Magistrate Judge addressed, Plaintiff seeks leave to amend to name eighteen additional defendants, the vast majority of whom are staff at JBCC. Plaintiff further seeks leave to amend to add claims arising from events alleged to have occurred during his incarceration at JBCC.[2] The Magistrate Judge, relying on Rules 15, 18 and 20 of the Federal Rules of Civil Procedure, recommended denying leave to amend. The Magistrate Judge found that the new claims and/or defendants would not be sufficiently connected to Defendant's initial claims (arising from his incarceration at WSKCC) by a common occurrence or question of fact or law. Further, the Magistrate Judge found that "[t]o permit Plaintiff to proceed in this single action on unrelated claims against different defendants that should be litigated in separate action(s) would allow him to avoid paying the filing fees required for separate actions, and could also allow him to circumvent the three strikes provision for any new and unrelated claims that might be found to be a "strike" under 28 U.S.C. § 1915(g)." R.&R. at 4.

---

[1] Plaintiff has been housed at additional institutions in the interim. *See* Notices of Change of Address [Doc. Nos. 172, 175].

[2] Notably, in his Objection, Plaintiff identifies even more potential defendants whom he has not named in his proposed Third Amended Complaint. *See* Obj. at 2.

In his Objection, Plaintiff does not address any new claim or new defendant. Nor does he address any specific finding of the Magistrate Judge. Instead, in conclusory fashion, he references his claim raised in the Second Amended Complaint against Defendant Siegfried.[3] Plaintiff alleges Defendant Siegfried is a policymaker for ODOC and that he discovered the names of several other policymakers when he was transferred to JBCC. Although Plaintiff identifies additional persons as "policymakers" in his Objection, *see* Obj. at 2, none of those additional persons are included in his Motion or proposed Third Amended Complaint.

The Court deems any request for leave to amend to add any of the persons identified for the first time in the Objection has been waived. *See Marshall v. Chater*, 75 F.3d 1421, 1426-27 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived".) Moreover, Plaintiff fails to elaborate as to the nature of the claims against these policymakers. Instead, Plaintiff states in wholly conclusory fashion that "all his claims are related and transactions or occurrences from the original and Second Amended Complaint." Obj. at 4.

Moreover, the Court finds, based on the conclusory nature of Plaintiff's Objection, that he has waived any objection to the Magistrate Judge's findings. *See, e.g., Schupper v. Cafasso*, 708 F. App'x 943, 946 (10th Cir. 2017) (generalized objections to a magistrate judge's findings and recommendations are insufficient) (citing *United States v. 2121 E.*

---

[3] Plaintiff's claims against Defendant Siegfried as raised in the Second Amended Complaint appear to relate to an alleged unconstitutional dental policy. *See, e.g.*, Second Am. Compl., Attachment 3 [Doc. No. 23-3] at 6-7.

*30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996) (holding that a party's objections to a magistrate judge's recommendation "must be both timely and specific to preserve an issue for . . . appellate review," and the litigant's two-sentence, generalized objection, asking only that the district court "reconsider" the recommendation, was insufficient). Alternatively, the Court wholly concurs with the Magistrate Judge's conclusions regarding the proposed Third Amended Complaint.  As set forth, those claims relate to events occurring at JBCC and the majority of the proposed new defendants are employees at JBCC.  Those matters are clearly unrelated to the claims against the defendants named in the Second Amended Complaint and arising from his incarceration at WSKCC.

As to any remaining Defendants, Plaintiff fails to adequately address the claims against those Defendants in his Objection.  Plaintiff's vague reference to their status as "policymakers" is insufficient.  Nor has Plaintiff demonstrated he did not unduly delay in bringing claims against them.  Although he contends names of certain proposed defendants were "wrongfully concealed" from him, he fails to provide any factual support for such contentions.  For all these reasons, the Court adopts the Fourth Supplemental Report and Recommendation and denies Plaintiff leave to amend to file a Third Amended Complaint.

      **B.**      **Plaintiff's Additional Motions**

            **1.**      **Motion for Relief from a Judgment or Order [Doc. No. 142]**

In support of this Motion, Plaintiff first references his Motion for Leave to Amend Complaint [Doc. No. 72] filed May 26, 2022.  This Motion was stricken due to Plaintiff's failure to comply with LCvR 15.1 (requiring a party moving to amend a complaint to attach the proposed pleading as an exhibit to the motion).  *See* Enter Order [Doc. No. 74].  He

states that he then filed another Motion for Leave to Amend. He appears to reference the Motion addressed by the Magistrate Judge in the Fourth Supplemental Report and Recommendation adopted herein. Plaintiff argues that he "just came into light of the knowledge [/] understanding of Fed. R. Civ. P. 15(d)" and that he intended to file a motion to supplement under Rule 15(d) of the Federal Rules of Civil Procedure. He asks the Court to correct his Motion. Plaintiff's request is denied. Plaintiff did not raise this issue in his objection to the Report and Recommendation and has waived the argument. Moreover, the Motion is wholly vague and conclusory.

### 2.     Motion for the Court to Take Judicial Notice [Doc. No. 171]

In this Motion [Doc. No. 171], Plaintiff again references his Motion for Leave Motion to Amend/Correct Complaint [Doc. No. 72] which was stricken by the Court for failure to comply with LCvR 15.1 (requiring a party moving to amend a complaint to attach the proposed pleading as an exhibit to the motion). *See* Enter Order [Doc. No. 74]. Plaintiff also references the subsequently filed Motion for Leave to Amend Complaint [Doc. No. 116] which, as discussed above, the Court has denied. Plaintiff asks the Court "to take judicial notice of the fact that several pages from the Proposed Amended Complaint are missing" as well as exhibits. Mot. at 3. He claims he discovered this "[o]n July 7, 2023" when he "received a copy of this Proposed Amended Complaint (Doc. No. 116-1) from the Clerk of Court" and none of the exhibits were included. *Id*.

Plaintiff fails to explain why he did not discover this until July 7, 2023. The record shows he filed his Motion to Amend/Correct Complaint approximately one year prior, on August 26, 2022. The Fourth Supplemental Report and Recommendation was filed on

7

August 30, 2022 and his Objection was filed on September 23, 2022. Moreover, Plaintiff fails to explain how or why the omitted pages and missing exhibits would impact the recommendation of the Magistrate Judge to deny Plaintiff leave to amend. For these reasons, Plaintiff's Motion for the Court to Take Judicial Notice is denied.

### III. Conclusion

IT IS THEREFORE ORDERED that the Fourth Supplemental Report and Recommendation [Doc. No. 119] is ADOPTED in its entirety and Plaintiff's Motion for Leave to Amend [Doc. No. 116] is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion for Relief from a Judgment or Order [Doc. No. 142] and Motion for the Court to Take Judicial Notice [Doc. No. 171] are DENIED.

IT IS SO ORDERED this 19th day of July, 2024.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE