IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JEROME ADRIAN DAVID, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-21-534-SLP |
| | ) | |
| SCOTT CROW, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

Before the Court is Defendant Lawson's Motion to Dismiss [Doc. No. 140]. Plaintiff has filed a Motion for Objection to Defendant Lonnie Lawson's Motion to Dismiss [Doc. No. 164], which the Court construes as a response to the Motion.[1] And Defendant Lawson has filed a Reply [Doc. No. 166]. For the reasons that follow, Defendant Lawson's Motion to Dismiss is GRANTED and Plaintiff's claims against Defendant Lawson are DISMISSED for failure to exhaust administrative remedies and for failure to state a claim upon which relief can be granted.[2]

---

[1] Because the filing is a response and not a motion, the Clerk of Court is directed to correct the docket entry to reflect the same.

[2] The Court has considered the materials contained in the Special Report [Doc. No. 62], also known as a *Martinez* Report. *See Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978). Here, there is no factual dispute regarding the record of Plaintiff's exhaustion efforts. Instead, the parties dispute whether these efforts were sufficient to deem Plaintiff's claims exhausted under the governing prison grievance policy. Under these circumstances, the Court need not convert Defendant's motion to dismiss into a motion for summary judgment. *See Gallagher v. Shelton*, 587 F.3d 1063, 1067 n. 7 (10th Cir. 2009) (recognizing that the report may "serve as the basis for a dismissal" if uncontroverted.); *see also Williams v. Trammell*, 678 F. App'x 668, 669 n. 1 (10th Cir. 2017) ("While a *Martinez* report cannot be used to resolve genuine factual disputes, it may, to the extent it is uncontroverted, support dismissal for failure to state a claim and for lack of exhaustion.").

I.    **Plaintiff's Claims Against Defendant Lawson**

At all times relevant to Plaintiff's claims raised in the Second Amended Complaint [Doc. No. 23], Defendant Lonnie Lawson (Defendant Lawson) served as Warden at William S. Key Correctional Center (WSKCC). Plaintiff brings claims against Defendant Lawson in both his individual and official capacity pursuant to 42 U.S.C. § 1983.

Plaintiff first alleges a violation of his First Amendment rights under the United States Constitution. *See* Second Am. Compl., Att. B [Doc. No. 23-3] at 1. Plaintiff had been employed as an orderly and worked in the kitchen at WSKCC. *See id.* Plaintiff alleges Defendant Lawson fired him from the kitchen "out of an act of reprisal" for utilizing the prison grievance system. Plaintiff alleges he was challenging "unsanitary conditions" in the kitchen *Id*. at 1, 2. Plaintiff seeks damages against Defendant Lawson in the sum of $100,000.00. *Id*. at 2.

Second, Plaintiff alleges Defendant Lawson violated his due process rights under the Fourteenth Amendment. *See id*., Att. C [Doc. No. 20-3]. Plaintiff alleges that Defendant Lawson prevented him from utilizing the grievance process so that he could administratively exhaust his claims as required under the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a).

Defendant Lawson moves for dismissal of Plaintiff's claims on the following grounds: (1) Eleventh Amendment immunity; (2) failure to exhaust administrative

remedies; (3) failure to allege personal participation by Defendant Lawson; (4) failure to state a due process claim upon which relief can be granted; and (5) qualified immunity.

For the reasons that follow, the Court finds Plaintiff's claims against Defendant Lawson in his official capacity are barred by Eleventh Amendment immunity. The Court further finds Plaintiff's First Amendment retaliation claim must be dismissed for failure to exhaust administrative remedies. And the Court finds Plaintiff's due process claim must be dismissed for failure to state a claim upon which relief can be granted. Based on these findings, the Court deems it unnecessary to address the other grounds for dismissal raised.[3]

## II.   Procedural History

Defendant Lawson's Motion to Dismiss is before the Court in a unique procedural posture. In a Second Supplemental Report and Recommendation [Doc. No. 85], the assigned Magistrate Judge recommended Plaintiff's claims against Defendant Lawson be dismissed upon screening pursuant to 28 U.S.C. § 1915(e)(2)(B). *See* Second Suppl. R.&R. at 27, n. 9. The Magistrate Judge found Plaintiff had not exhausted administrative remedies with respect to his claim against Defendant Lawson. At the time the Second Supplemental R.&R. was filed, Defendant Lawson had not yet been served. And the Magistrate Judge noted that Defendant Lawson was not a party to the current Motion before it, but found dismissal was nonetheless proper under § 1915(e)(2)(B). *Id.*

---

[3] Defendant identifies Plaintiff's claims against Defendant Lawson to include an Eighth Amendment claim. A review of the Second Amended Complaint, however, makes clear that although Plaintiff alleges an Eighth Amendment claim against other Defendants, he does not bring an Eighth Amendment claim against Defendant Lawson. The Court, therefore, confines its review to the First and Fourteenth Amendment claims brought against Defendant Lawson.

The record shows that prior to the filing of the Second Supplemental R.&R., Plaintiff served Defendant Lawson. *See* Doc. No. 82. After the filing of the Second Supplemental R.&R. but during its pendency, Plaintiff moved for entry of default. *See* Mot. [Doc. No. 134]. Defendant Lawson then moved for an extension of time within which to respond to the Motion for Default, arguing that "the service was not proper." *See* Def. Lonnie Lawson's Mot. for Extension of Time [Doc. No. 137]. The Court granted the Motion. *See* Order [Doc. No. 138].

Defendant Lawson then filed the pending Motion to Dismiss and the next day, responded to the Motion for Default, *see* Resp. [Doc. No. 141]. The Court entered default but set aside the default. *See* Order [Doc. No. 144]. In that Order, the Court noted that the Second Supplemental R.&R. remained pending before the Court and that the Magistrate Judge had found dismissal proper notwithstanding any service-related issues. *See id*. at 6, n. 8.

In Defendant Lawson's Motion, he raises the defense of failure to exhaust administrative as to Plaintiff's First Amendment claim and he seeks dismissal of Plaintiff's Fourteenth Amendment claim. In the Second Supplemental R.&R., the Magistrate Judge reviewed Plaintiff's grievance submissions and found that Plaintiff did not complete the grievance process with respect to the First Amendment claim and did not establish that the grievance process was not available to him. *See id*. at 20-27. Further, the Magistrate Judge found Plaintiff's due process claim against Defendant Lawson should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). *Id*. at 45-47.

4

Plaintiff did not object to any of the findings of the Magistrate Judge regarding the claims against Defendant Lawson. But now, in responding to Defendant Lawson's Motion, Plaintiff argues that his claims are exhausted and/or that prison officials thwarted his ability to complete the grievance process. Plaintiff does not address Defendant Lawson's arguments as to dismissal of his Fourteenth Amendment claim.

The Court finds these issues have been thoroughly reviewed by the Magistrate Judge. And the Court, by separate order, has adopted the Magistrate Judge's findings. *See* Order [Doc. No. 177]. Out of an abundance of caution, the Court, nonetheless has conduct an independent review of Plaintiff's claims in the context of Defendant Lawson's Motion to Dismiss. The Court's independent review demonstrates Plaintiff's First Amendment retaliation claim against Defendant Lawson is not properly exhausted and that his due process claim fails to state a claim upon which relief can be granted.

### III. Discussion

**A.    Plaintiff's Claims against Defendant Lawson in his Official Capacity are Barred by the Eleventh Amendment**

The Oklahoma Department of Corrections (ODOC) is a state agency and, as such, is an arm of the state to which Eleventh Amendment immunity applies. *See, e.g., Eastwood v. Dep't of Corr. of Okla.*, 846 F.2d 627, 631-32 (10th Cir. 1988). Defendant Lawson is an employee of the ODOC. Plaintiff's § 1983 claims against Defendant Lawson in his official capacity are treated as claims against the state itself. *See Callahan v. Poppell*, 471 F.3d 1155, 1158 (10th Cir. 2006) ("When a suit alleges a claim against a state official in his official capacity, the real party in interest . . . is the state, and the state

5

may raise the defense of sovereign immunity under the Eleventh Amendment." (quotations omitted)).

The Eleventh Amendment grants states immunity from suits brought pursuant to § 1983 unless such immunity is specifically waived or overridden by Congress. *See Welch v. Tex. Dept. of Highways and Public Trans.*, 483 U.S. 468, 472-74 (1987) (finding federal courts barred from considering § 1983 actions against states unless state's sovereign immunity is specifically waived or overridden by Congress). Congress did not abrogate the states' Eleventh Amendment immunity through the enactment of 42 U.S.C. § 1983. *See Quern v. Jordan*, 440 U.S. 332, 345 (1979). Neither has the State of Oklahoma waived its sovereign immunity except in limited circumstances not applicable here. *See Ramirez v. Okla. Dep't of Mental Health*, 41 F.3d 584, 589 (10th Cir.1994) (noting that "Oklahoma has not waived its Eleventh Amendment immunity").

Accordingly, Plaintiff can only seek prospective injunctive relief against Defendant Lawson in his official capacity. *See, e.g., Muscogee (Creek) Nation v. Pruitt*, 669 F.3d 1159, 1166 (10th Cir. 2012) (Under the *Ex parte Young*[4] exception to Eleventh Amendment sovereign immunity, "a plaintiff may bring suit against individual state officers acting in their official capacities if the complaint alleges an ongoing violation of federal law and the plaintiff seeks prospective relief."). But Plaintiff seeks no such prospective relief. Instead, he seeks money damages for past wrongs by Defendant Lawson during Plaintiff's incarceration at WSKCC. Accordingly, Plaintiff's official capacity claims against Defendant Lawson are dismissed.

---

[4] *Ex parte Young*, 209 U.S. 123 (1908).

### B. Plaintiff Failed to Exhaust His First Amendment Retaliation Claim Against Defendant Lawson

#### 1. The PLRA's Exhaustion Requirement

The PLRA provides that "[n]o action shall be brought with respect to prison conditions under [§ 1983] . . . by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is mandatory and applicable "even where the relief sought – monetary damages – cannot be granted by the administrative process." *Woodford v. Ngo*, 548 U.S. 81, 85 (2006). "[T]o properly exhaust administrative remedies prisoners must complete the administrative review process in accordance with the applicable procedural rules – rules that are defined not by the PLRA, but by the prison grievance process itself." *Jones v. Bock*, 549 U.S. 199, 218 (2007) (internal quotation marks and citation omitted). However, "[w]here prison officials prevent, thwart, or hinder a prisoner's efforts to avail himself of an administrative remedy, they render that remedy 'unavailable' and a court will excuse the prisoner's failure to exhaust." *Little v. Jones*, 607 F.3d 1245, 1250 (10th Cir. 2010).

#### 2. The ODOC's Grievance Process

"The ODOC grievance process has a requirement of informal consultation with staff, then three written steps: a Request to Staff form, a formal grievance, and an appeal to the administrative review authority." *Thomas v. Parker*, 609 F.3d 1114, 1117 (10th Cir. 2010). In order for a grievance to be properly exhausted, an inmate must complete all phases of the ODOC's grievance process. *Id*. at 1118; *see also Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002) ("An inmate who begins the grievance process but

7

does not complete it is barred from pursuing a § 1983 claim under PLRA for failure to exhaust his administrative remedies.").

### 3. Plaintiff's Exhaustion Efforts Regarding his Claim of Retaliation by Defendant Lawson

Plaintiff alleges that Defendant Lawson fired him from a kitchen orderly job in retaliation for using the prison grievance system in violation of his First Amendment rights. Specifically, Plaintiff alleges:

> Warden Lonnie Lawson firing me from the kitchen out of an act of reprisal for using OP-090124 PLRA 42 U.S.C.A. 1997e Exhaustion of remedies seeking relief from unsanitary conditions were done arbitrarily and in bad faith. Warden Lonnie Lawson conduct represents a reprisal against Plaintiff for having engaged in activities protected by the First Amendment; also represent immediate and irreparable injury to the constitutional rights of Plaintiff.

Second Am. Compl., Attachment B [Doc. No. 23-3] at 8. Defendant moves for dismissal of this claim as unexhausted.

The record reflects that beginning in late December 2020, while incarcerated at WSKCC, Plaintiff began a job as a kitchen orderly.[5] In January and February 2021, Plaintiff submitted complaints about the conditions in the kitchen. *See, e.g.*, infra n. 5.

Thereafter, on or about March 3, 2021, Defendant Lawson terminated Plaintiff from his kitchen position and advised Plaintiff: "I do not feel that you need to work in the

---

[5] Plaintiff previously worked as a bathroom orderly but suffered an injury while working in that position due to chemical exposure. Plaintiff alleges he was fired from that job in retaliation for submitting grievances regarding the chemical exposure. *See, e.g.*, Grievance No. 21-4 [Doc. No. 62-30 at 5-7. He subsequently applied for and was accepted to work as a kitchen orderly. *See* Doc. No. 62-30 at 4. But in Grievance No. 21-4, he requested reinstatement to his bathroom orderly position. This Grievance was ongoing during the period of his kitchen orderly job. Plaintiff was unhappy that he was "hav[ing] to work at a place [he] d[idn]'t want to work." *See* Appeal of Grievance No. 21-4 [Doc. No. 62-30 at 8].

8

kitchen." *See* Request to Staff [Doc. No. 62-32] at 2.  On April 5, 2021, Plaintiff filed a grievance alleging retaliation by staff.  *See* Grievance No. 21-10 [Doc. No. 62-32] at 4.  As the "action requested" Plaintiff stated: "I have gotten my answer as to why I was terminated from employment, however it does not give me relief from suffering.  There is nothing lawful from State Administrative remedies offer an inmate that suffer reprisals from prison officials."  *Id*.  Plaintiff alleged that he was fired from the kitchen job in retaliation for having filed Grievance No. 21-05.  *Id*. at 5.[6]  In support, he cited the ODOC's Grievance Policy, OP-090124 (Policy).  *Id*.[7]  That Policy provides that "[a]n inmate will not suffer reprisals for submitting a grievance in good faith" and that "a grievance may be submitted if the inmate/offender feels any reprisal has occurred."  *See id.* (citing Policy, ¶ III(D)(1)).

On April 21, 2021 Defendant Lawson returned the grievance unanswered stating that the issue was nongrievable because no remedy was allowed by ODOC and/or "[j]obs are not a grievable issue."  *See* Doc. No. 62-32 at 6.  Plaintiff did not take any further action with respect to this issue.

---

[6] Plaintiff submitted Grievance No. 21-05 on February 24, 2021.  *See* Doc. No. 62-13 at 2-3.  He complained about unsanitary conditions in the kitchen and stated that he would be seeking damages through a "1983 civil suit" but was not seeking damages through the prison grievance process.  *Id*. at 2.  On March 5, 2024, Warden Lawson returned the grievance unanswered due to a number of deficiencies.  *See id*. at 4-5.

[7] The Policy is included with the Special Report.  *See* Doc. No. 62-8.  The Policy attached to the Special Report did not become effective until January 18, 2022.  However, the Policy in effect at the time of Plaintiff's grievance submission is included in the record and the provision at issue is the same in both versions of the Policy.  *See* Doc. No. 64-1.  All of the other provisions of the Policy addressed by the Court are, likewise, unchanged in the two versions.  Moreover, the Policy is a matter about which the Court may take judicial notice.

Although Defendant Lawson returned Grievance No. 21-10 unanswered, the reason Defendant Lawson gave for returning the grievance was incorrect. In addition to the provision of the Policy cited by Plaintiff, the Policy further expressly identifies "actions of staff" as a grieveable issue. Policy, ¶ II(A)(1); *see also id*., ¶(IV)(A)(3). Under these circumstances, Plaintiff could have resubmitted his grievance. *Id*., ¶ VII(B)(6)(b) (providing that "[t]he inmate/offender will be given one opportunity to correct any errors and properly resubmit within ten (10) days of the date the inmate/offender is notified of the improper submission."). Alternatively, Plaintiff could have submitted a grievance appeal. *Id*., ¶ VIII. Instead, Plaintiff filed this action on May 21, 2024. Thus, Plaintiff failed to complete the grievance process. *See Campbell v. Jones*, 684 F. App'x 750, 753 (10th Cir. 2017) (prisoner failed to exhaust administrative remedies where although prison official "rejected grievance . . . and incorrectly stated that he waived or forfeited his participation in the grievance process, [prisoner] did not avail himself of a final appeal . . . [that] might have rectified the error and granted his request"). Accordingly, Plaintiff failed to exhaust his administrative remedies as required under § 1997e(a).

Plaintiff contends that Defendant Lawson thwarted his efforts to exhaust his administrative remedies. In his Response, Plaintiff alleges, in conclusory fashion, that "Warden Lonnie Lawson, through misrepresentation, intimidation consistently used a variety of improper and obstructive tactics to prevent Plaintiff from taking advantage of

the grievance process." *See* Resp. [Doc. No. 164] at 45.[8] But these conclusory assertions are insufficient to demonstrate that Plaintiff was thwarted. *See, e.g., Kilman v. Brown*, No. 21-1104, 2021 WL 4057687 at *2 (10th Cir. Sept. 7, 2021) (to demonstrate that a prisoner was thwarted from using the grievance process, he "must produce specific facts as to whether (1) he was actually deterred by the threat or machination from lodging a grievance; and (2) a reasonable inmate of ordinary firmness and fortitude would be deterred from lodging a grievance." (internal quotations and citation omitted); *see also Campbell*, 684 F. App'x at 754 (prisoner was not thwarted despite prison official giving him an invalid reason for denying a grievance and incorrectly attempt[ing] to exclude him from the grievance process as such decisions were appealable and nothing prevented prisoner from challenging them). Indeed, Plaintiff's robust grievance record demonstrates the contrary. Accordingly, the Court finds dismissal of Plaintiff's First Amendment retaliation claim is proper for failure to satisfy § 1997e(a)'s exhaustion requirement.

### C.  Fourteenth Amendment Due Process Claim

Plaintiff further brings an independent Fourteenth Amendment Due Process claim against Defendant Lawson alleging that he "us[ed] a variety of improper and obstructive tactics to prevent Plaintiff from taking advantage of the grievance process" and "placing Plaintiff on grievance restriction[.]" Second Am. Compl., Att. C [Doc. No. 23-3] at 11.

---

[8] As discussed immediately below, Plaintiff asserts these identical, conclusory allegations in support of his due process claim against Defendant Lawson.

Defendant Lawson moves for dismissal of this claim for failure to state a claim upon which relief can be granted.

Prisoners have no liberty interest in prison grievance procedures. *See, e.g., Henderson v. Fisher*, 767 F. App'x 670, 675 (10th Cir. 2019) (citing *Todd v. Bigelow*, 497 F. App'x 839, 841 (10th Cir. 2012); *Johnson v. Richins*, 438 F. App'x 647, 649 (10th Cir. 2011) (an inmate's claim that [a prison official] mishandles his prison grievances does not implicate any due-process rights")); *see also Rudnick v. Raemisch*, 774 F. App'x 446, 449 (10th Cir. 2019) (affirming dismissal of claim that prison's grievance procedures violated prisoner's due process rights as "prisoners lack a liberty interest in grievance procedures"); *Brewer v. Gilroy*, 625 F. App'x 827, 838 (10th Cir. 2015) (dismissal of due process claim was proper as prisoner has "no independent due process rights that arise out of OSP or ODOC employees' disposition of internal grievances" (citing cases))*; Reed v. Clements*, No. 12-cv-00927-BNB, 2012 WL 3129935 at *3 (D. Colo. July 13, 2012 (dismissing claim alleging prisoner's due process rights were violated because defendants restricted his ability to file grievances as "there is no independent constitutional right to use state administrative grievance procedures" (citing cases)); *Pemberton v. Jones*, No. CIV-10-966-D, 2011 WL 1595158 at *7 (W.D. Okla. Jan. 24, 2011) (dismissing claim based on suspension of grievance privileges as "[p]rison grievance procedures do not create a protected liberty interest and, therefore, do not implicate a prisoner's due process rights" (citing cases)). Accordingly, Plaintiff's Fourteenth Amendment Due Process claim against Defendant Lawson fails to state a claim upon which relief can be granted and is dismissed with prejudice.

## IV. Conclusion

IT IS THEREFORE ORDERED that Defendant Lawson's Motion to Dismiss [Doc. No. 140] is GRANTED as follows:

1. Plaintiff's official capacity claims against Defendant Lawson under 42 U.S.C. § 1983 are DISMISSED WITHOUT PREJUDICE on grounds of Eleventh Amendment immunity.[9]

2. Plaintiff's claim under 42 U.S.C. § 1983 alleging retaliation in violation of his First Amendment rights against Defendant Lawson is DISMISSED WITHOUT PREJUDICE for failure to exhaust administrative remedies.[10]

3. Plaintiff's claim under 42 U.S.C. § 1983 alleging a violation of his Fourteenth Amendment due process rights against Defendant Lawson is DISMISSED WITH PREJUDICE for failure to state claim upon which relief can be granted.

With the entry of this Order, all of Plaintiff's claims have been addressed. Accordingly, the Court will enter a separate judgment.

IT IS SO ORDERED this 19th day of July, 2024.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE

---

[9] "Eleventh Amendment immunity is jurisdictional" and "dismissal should [be] without prejudice." *Colby v. Herrick*, 849 F.3d 1273, 1278 (10th Cir. 2017).

[10] Dismissal for failure to exhaust administrative remedies under the PLRA is ordinarily without prejudice. *See Gallagher*, 587 F.3d at 1068.