# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JEROME ADRIAN DAVID, | ) |
| Plaintiff, | ) |
| v. | ) Case No. CIV-21-534-SLP |
| SCOTT CROW, et al., | ) |
| Defendants. | ) |

## **O R D E R**

Before the Court is Plaintiff's pro se Motion for Entry of Judgment on Less Than All Claims or for Less Than All Parties [Doc. No. 193].[1] Defendants have been given an opportunity to respond, *see* Order [Doc. No. 194], and have failed to timely do so. Upon review and for the reasons that follow, Plaintiff is directed to supplement his Motion.

This Court previously entered Judgment [Doc. No. 182] on Plaintiff's claims. The Court mistakenly understood all claims to have been disposed of and, therefore, that the judgment was a final judgment. Plaintiff filed an appeal and during the pendency of the appeal, the Tenth Circuit Court of Appeals determined that one claim against one Defendant had never been adjudicated. *See* Order [Doc. No. 192] (10th Cir. Apr. 25, 2025). That claim, referred to as Defendant's "heart-healthy diet claim", is brought solely against Defendant Elsie Persall.

---

[1] Plaintiff is represented by counsel in the appellate proceeding related to this action that has been abated pending further order by the Tenth Circuit. But Plaintiff appears pro se before this Court. *See David v. Crow, et al.*, Case No. 24-6167 (10th Cir.), Notice filed May 12, 2025 [Doc. No. 57] (affirmatively stating that "[c]ounsel does not represent Mr. David before the district court, where he continues to appear *pro se*.").

As addressed by the Tenth Circuit, the magistrate judge had denied as moot Defendant Persall's Motion to Dismiss that addressed this claim when in fact the Motion to Dismiss was not moot. *See* Doc. No. 192 at 6. The magistrate judge also denied as moot Plaintiff's Motion requesting an extension of time to file a response to the Motion to Dismiss. As a consequence, the claim was never ruled upon. The Tenth Circuit deemed jurisdiction lacking due to the unadjudicated claim, abated the appeal pending further order, and directed Plaintiff to do **one** of the following:

(1) obtain an order in the district court adjudicating his heart-healthy diet claim;

(2) obtain a Rule 54(b) certification from the district court, or

(3) voluntarily dismiss the heart-healthy diet claim with prejudice.

*Id*. at 12.

In response, Plaintiff filed the pending Motion. Plaintiff "moves for this Court to enter or issue a final judgment or an Order resolving the 'healthy heart diet' claim to be a final judgment" and determine "that there is no just reason for delay" under Rule 54(b) of the Federal Rules of Civil Procedure. Mot. at 2. He argues that "any further delay will prevent the healthy heart diet *from being heard on appeal* and could cause dismissal to all other claims." *Id*. (emphasis added).

Plaintiff's request is unclear. On the one hand, he appears to request that this Court proceed to address the merits of the heart-healthy diet claim and "resolve" that claim. On the other hand, he appears to seek a Rule 54(b) certification. As to the latter, it appears Plaintiff may be confused about the scope of relief under Rule 54(b). A Rule 54(b) certification would not permit his heart-healthy diet claim to be heard in his previously-

2

filed appeal. Instead, his other claims would proceed in that appeal and the heart-healthy diet claim would remain pending in the district court.

Given these circumstances, the Court deems it prudent to direct Plaintiff to clarify the relief he is requesting. The Court provides the following guidance.

If Plaintiff asks this Court to address the merits of his heart-healthy diet claim, the Court will, after setting a briefing schedule, proceed to adjudicate that claim and, ultimately, enter judgment on that claim.

If Plaintiff asks this Court for Rule 54(b) certification, he must show that certification is proper under the governing standards. Plaintiff is advised that if the Court were to grant his request for Rule 54(b) certification, all claims raised in his previously-filed appeal would be subject to determination by the Tenth Circuit. But the heart-healthy diet claim against Defendant Persall would remain pending before this Court and would not be a part of that appeal.

Finally, if Plaintiff asks this Court to voluntarily dismiss the heart-healthy diet claim with prejudice, all claims raised in his previously-filed appeal would be subject to determination by the Tenth Circuit and no claim would remain pending for review by this Court.

Plaintiff is directed to supplement his Motion and advise the Court which **one** of these three alternatives he elects to pursue. Plaintiff shall file his supplement within fourteen days of the date of this Order.

IT IS SO ORDERED this 30th day of May, 2025.

                                                                                          *[signature]*
                                                                                          SCOTT L. PALK
                                                                                         UNITED STATES DISTRICT JUDGE