IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

JEROME ADRIAN DAVID,               )
                                   )
        Plaintiff,                 )
                                   )
v.                                 )        Case No. CIV-21-534-SLP
                                   )
SCOTT CROW, et al.,                )
                                   )
        Defendants.                )

**O R D E R**

Before the Court is Defendant Persall's Motion to Dismiss [Doc. No. 198]. Plaintiff has filed a Response [Doc. No. 205] and the matter is at issue.[1] Also before the Court is Plaintiff's Motion for Leave to Supplement Findings of Fact and Conclusions of Law [Doc. No. 204]. For the reasons that follow, Defendant Persall's Motion to Dismiss is GRANTED and Plaintiff's Motion for Leave to Supplement is DENIED.

**I.      Plaintiff's Sole Remaining Claim Against Defendant Persall**

The sole remaining claim before the Court is Plaintiff's "heart-healthy diet claim" brought against Defendant Elsie Persall (Persall), a kitchen supervisor at the William S. Key Correctional Center (WSKCC), where Plaintiff was previously housed from November 18, 2020 to July 21, 2021.[2] Plaintiff alleges the following in support of his heart-healthy diet claim:

---

[1] Citations to the parties' briefing submissions reference the Court's ECF pagination.

[2] The claim has been characterized as the "heart-healthy diet claim" throughout these proceedings. *See* Order [Doc. No. 192] at 3-4. According to Persall, "such a diet does not exist

> Kitchen Supervisor [Persall] interfered with my treatment by not providing me healthy heart meals, after practitioner ordered it. After Plaintiff showed [Persall] the healthy heart diet form prescribed by doctor, she continually served me the same process foods that caused me blurry vision, swelling in ankles & hands and refused to allow me to view the healthy heart menu so I could inform practitioner of process foods on the healthy heart diet that is the same as regular diet meals, that's not curing hypertension. Plaintiff was entitled to view the healthy heart menu since it was considered as a treatment (cure) to my hypertension; according to policy **(OP-070202) (A) 'Menus' (1) (Each facility will maintain a copy of the master menus on file and will post them in an area accessible to inmates.).**

*See* Doc. No. 23-3 at 1-2. Plaintiff sues Defendant Persall pursuant to 42 U.S.C. § 1983 in both her individual and official capacity and alleges this conduct violates his Eighth Amendment rights.

Persall seeks dismissal of the official capacity claim on grounds of Eleventh Amendment immunity. She also seeks dismissal of the claim pursuant to 42 U.S.C. § 1997e(a), contending that the claim is unexhausted. Persall points to the fact that Plaintiff submitted only one grievance related to kitchen conditions, Grievance No. 21-1. *See* Special Report, Attachment 9 [Doc. No. 62-9]. Because Persall relies on matters outside the pleadings, the Court converts the motion into a motion for summary judgment.[3]

---

at ODOC" and Plaintiff may be referring to the "Diet for Health" although his claims are "unclear." Mot. at 2, n. 2.

[3] The Court gave Plaintiff notice that if matters outside the pleadings were considered, any motion to dismiss would be converted to a motion for summary judgment. *See* Order [Doc. No. 197]. But even if the Court did not convert the Motion, there is no factual dispute regarding the grievance record of Plaintiff's exhaustion efforts with respect to this claim and, therefore, consideration of the grievance record would be proper. *See, e.g., Williams v. Trammell*, 678 F. App'x 668, 669 n. 1 (10th Cir. 2017) ("While a *Martinez* report cannot be used to resolve genuine factual disputes, it may, to the extent it is uncontroverted, support dismissal for failure to state a claim and for lack of exhaustion.").

In response, Plaintiff does not claim any other grievance was submitted.  Instead, he claims that Grievance No. 21-1 includes his heart-healthy diet claim and that Persall has "wrongfully limited the exhausted claim(s) raised in [Plaintiff's] grievance."  Resp. at 2.

## II.   Governing Standards

The Court recites the standards for dismissal on grounds of Eleventh Amendment immunity and Rule 56 of the Federal Rules of Civil Procedure.  The former standard governs the dismissal of Plaintiff's official capacity claim against Persall.  And the Rule 56 standard governs the exhaustion defense and the individual capacity claim against Persall.

### A.   Eleventh Amendment Immunity

Eleventh Amendment immunity "concerns the subject matter jurisdiction of the district court."  *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002).  Although Defendants cite the standard of decision under Fed. R. Civ. P. 12(b)(6), their assertion of Eleventh Amendment immunity raises a jurisdictional issue of whether the official capacity claims brought against them are barred by sovereign immunity. The Motion, therefore, is governed by Fed. R. Civ. P. 12(b)(1).  *See Harris v. Owens*, 264 F.3d 1282, 1288 (10th Cir. 2001) ("Once effectively raised, the Eleventh Amendment becomes a limitation on our subject-matter jurisdiction. . . ."); *see also Muscogee (Creek) Nation v. Pruitt*, 669 F.3d 1159, 1168 (10th Cir. 2012) (stating that " 'the question whether [a] suit states a claim upon which relief can be granted is [not] coincident in scope with [an] Eleventh Amendment inquiry' ") (citation omitted); *Davis v. California*, 2017 WL

3

4758928, at *1 (D. Kan. Oct. 20, 2017) (construing Rule 12(b)(6) motion as a Rule 12(b)(1) motion because the defendants were seeking dismissal based on sovereign immunity and comity, which are both matters of subject-matter jurisdiction); *Moreno v. Kan. City Steak Co.*, 2017 WL 2985748, at *3 (D. Kan. July 13, 2017) ("Despite the Rule 12(b)(6) label defendant places on its Motion to Dismiss, the court must construe it as a motion under Rule 12(b)(1) if the question it presents is jurisdictional.").

"Rule 12(b)(1) motions generally take one of two forms: (1) a facial attack on the sufficiency of the complaint's allegations as to subject matter jurisdiction; or (2) a challenge to the actual facts upon which subject matter jurisdiction is based." *Ruiz*, 299 F.3d at 1180 (citation omitted). Here, Defendants facially attack the sufficiency of the allegations contained in the Complaint, and thus, all well-pleaded factual allegations are accepted as true. *Id*.

The party seeking federal jurisdiction over his or her claim "has the burden to establish that it is proper, and there is a presumption against its existence." *Salzer v. SSM Health Care of Okla. Inc.*, 762 F.3d 1130, 1134 (10th Cir. 2014) (quotations and citation omitted); *see also Kinney v. Blue Dot Servs. of Kan.*, 505 F. App'x 812, 814 (10th Cir. 2012) (explaining that the "court may not assume that a plaintiff can establish subject matter jurisdiction; it is the plaintiff's burden to prove it"). "A court lacking jurisdiction cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974) (citation omitted).

4

### B.    Summary Judgment

Section 1997e(a)'s exhaustion requirement is an affirmative defense.  *Estrada v. Smart*, 107 F.4th 1254, 1261 (10th Cir. 2024).  When a defendant moves for summary judgment under Rule 56 of the Federal Rules of Civil Procedure based on an affirmative defense, "the burden [is] on the defendant to demonstrate that no disputed material fact exists regarding the affirmative defense."  *Id*. (internal quotation marks and citation omitted).  "If the defendant meets this initial burden, the plaintiff must then demonstrate with specificity the existence of a disputed material fact.  If the plaintiff fails to make such a showing, the affirmative defense bars his claim, and the defendant is then entitled to summary judgment as a matter of law."  *Id*. (internal quotation marks and citation omitted).

### III.    <u>Discussion</u>

### A.    Eleventh Amendment Immunity

The Court grants Persall's Motion to Dismiss, without converting it to a motion for summary judgment, as to Plaintiff's official capacity, heart-healthy diet Eighth Amendment claim on grounds of Eleventh Amendment immunity.  The Eleventh Amendment grants states immunity from suits brought pursuant to § 1983 unless such immunity is specifically waived or overridden by Congress. *See Welch v. Tex. Dept. of Highways and Public Trans.*, 483 U.S. 468, 472-74 (1987) (finding federal courts barred from considering § 1983 actions against states unless state's sovereign immunity is specifically waived or overridden by Congress). Congress did not abrogate the states' Eleventh Amendment immunity through the enactment of 42 U.S.C. § 1983.  *See Quern*

*v. Jordan*, 440 U.S. 332, 345 (1979). Neither has the State of Oklahoma waived its sovereign immunity except in limited circumstances not applicable here. *See Ramirez v. Okla. Dep't of Mental Health*, 41 F.3d 584, 589 (10th Cir. 1994) (noting that "Oklahoma has not waived its Eleventh Amendment immunity").

Moreover, a claim against Persall in her official capacity is essentially a claim against the State of Oklahoma and therefore, the amendment's proscription applies to her. *Muscogee (Creek) Nation v. Okla. Tax Comm'n*, 611 F.3d 1222, 1227 (10th Cir. 2010) ("'[A]suit against a state official in his or her official capacity . . . is no different than a suit against the State itself.'" (quoting *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)). And "Eleventh Amendment immunity applies regardless of whether a plaintiff seeks declaratory or injunctive relief, or money damages." *Steadfast Ins. Co. v. Agric. Ins. Co.*, 507 F.3d 1250, 1252 (10th Cir. 2007). Persall, therefore, is immune from suit in her official capacity.[4]

Based on these findings, the Court denies Plaintiff's Motion for Leave to Supplement. Plaintiff's Motion purports to further address the issue of Eleventh Amendment immunity. He states that "sovereign immunity should not apply to Defendant's because Defendant unconstitutional acts was not accidental nor inadvertently

---

[4] Plaintiff's Eighth Amendment claim is limited to conduct which occurred at WSKCC where he is no longer incarcerated. In fact, WSKCC is a closed facility. And Plaintiff does not seek any form of prospective injunctive relief against Persall. Instead, Plaintiff only seeks monetary damages against her. *See* Second Am. Compl. [Doc. No. 23-3] at 3. Therefore, the *Ex parte Young* exception does not apply. *See Muscogee (Creek) Nation v. Pruitt*, *supra*, 669 F.3d at 1167 ("To determine whether the *Ex parte Young* exception applies, we "need only conduct a straightforward inquiry into whether the complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." (internal quotation marks and citation omitted)).

but intentional, purposely and willfully done." Mot. at 2. Plaintiff fails to address the applicable law governing Eleventh Amendment immunity. More fundamentally, Plaintiff makes no showing as to why he should be permitted leave to supplement his claims at this very late stage in this action. Even if the Court were to consider the arguments raised in the proposed Supplement, nothing set forth in the Supplement would require a different result than that reached by the Court with respect to granting Eleventh Amendment immunity to Persall as to Plaintiff's heart-healthy diet claim brought against Persall in her official capacity.

**B.      Exhaustion of Administrative Remedies Under 42 U.S.C. § 1997e(a)**

Prior to filing a lawsuit challenging prison conditions, an inmate must fully exhaust his administrative remedies regarding the subject of the challenge. 42 U.S.C. § 1997e(a); *Jones v. Bock*, 549 U.S. 199 (2007). To exhaust administrative remedies, a prisoner must "properly follow[ ] all of the steps laid out in the prison system's grievance procedure." *Little v. Jones*, 607 F.3d 1245, 1249 (10th Cir. 2010).

"The ODOC grievance process has a requirement of informal consultation with staff, then three written steps: a Request to Staff form, a formal grievance, and an appeal to the administrative review authority." *Thomas v. Parker*, 609 F.3d 1114, 1117 (10th Cir. 2010).[5] In order for a grievance to be properly exhausted, an inmate must complete all phases of the ODOC's grievance process. *Id*. at 1118.

---

[5] The ODOC's Inmate/Offender Grievance Process, OP-090124, effective during the period of Plaintiff's claims, is included in the record. *See* Doc. No. 64-1 at 2-23 (Grievance Process, effective 11/30/2020).

7

Plaintiff completed the ODOC grievance process as to Grievance No. 21-1. Persall does not contend otherwise. Instead, the parties' dispute centers on whether the subject matter of Grievance No. 21-1 included the heart-healthy diet claim alleged in the Second Amended Complaint.

The Court's review of the Grievance demonstrates that it centered on Plaintiff's complaint that he had been served spoiled peaches on December 13, 2020. *See* Doc. No. 62-9 at 5. He included statements about not being "given the opportunity or choice to eat health foods (organic) so [he] can live a healthy life." *Id*. at 6. Wholly absent from the Grievance, however, is any reference to Plaintiff being denied a diet as prescribed by a "practitioner," as alleged in the Second Amended Complaint. Indeed, Plaintiff's "hypertension" is not mentioned anywhere in the Grievance.

Plaintiff does not address head on how his claim against Persall is included in Grievance No. 21-1. Instead, he argues that the subject matter of the Grievance entailed a "continuing harm." Resp. at 3. He points to his statements in the Grievance about "half-cooked foods" and "not fully cooked chemical base foods" that he discovered while working in the kitchen and that these incidents were "part of the single harm that was tied to the initial spoil peaches [he] raised in the Request to Staff that contributed to [his] health decrease." *Id*. Plaintiff further responds that he "completed all four steps of the grievance process." *Id*. at 4.

There is no dispute that Plaintiff completed the grievance process with respect to Grievance No. 21-1. The issue is whether the claim raised against Persall in the Second Amended Complaint is a claim that was raised in the Grievance. The Court readily finds

it was not.   As the Tenth Circuit has instructed, to satisfy § 1997e(a)'s exhaustion requirement a prisoner is "required to provide enough information for officials to investigate and address the actual issue raised in his civil complaint[.]" *Barnes v. Allred*, 482 F. App'x 308, 312 (10th Cir. 2012); *see also Woodford v. Ngo*, 548 U.S. 81, 95 (2006) (the purpose of § 1997e(a) is served only "if the prison grievance system is given a fair opportunity to consider the grievance").   Here, a grievance challenging the nature of the food served – e.g., "spoiled" peaches and milk or "artificial, chemical based or process foods" is quite different from the heart-healthy diet claim brought against Persall alleging that she "interfered with [his] treatment by not providing [him] healthy heart meals, after practitioner ordered it" and "[a]fter Plaintiff showed [Persall] the healthy diet form prescribed by doctor[.]" Doc. No. 23-3 at 1-2.   The Court finds, therefore, that dismissal of Plaintiff's heart-healthy diet claim against Defendant Persall is proper for failure to exhaust administrative remedies.[6]

## IV.    Conclusion

IT IS THEREFORE ORDERED that Defendant Persall's Motion to Dismiss and Brief in Support [Doc. No. 198], construed, in part, as a motion for summary judgment, is GRANTED as follows:

---

[6] Based on this finding, the Court deems it unnecessary to address Persall's additional grounds for dismissal.  *See* Mot. at 9-13, Propositions III, IV and V.

9

1.      Plaintiff's official capacity heart-healthy diet claim against Defendant Persall under 42 U.S.C. § 1983 alleging a violation of his Eighth Amendment rights is DISMISSED WITHOUT PREJUDICE on grounds of Eleventh Amendment immunity.[7]

2.      Plaintiff's heart-healthy diet claim under 42 U.S.C. § 1983 alleging a violation of his Eighth Amendment rights is DISMISSED WITHOUT PREJUDICE for failure to exhaust administrative remedies.[8]

IT IS FURTHER ORDERED that Plaintiff's Motion for Leave to Supplement Findings of Fact and Conclusions of Law [Doc. No. 204] is DENIED.

With the entry of this Order, all of Plaintiff's claims have been addressed. Accordingly, the Court will enter an amended judgment.[9]

IT IS SO ORDERED this 23rd day of March, 2026.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE

---

[7] "Eleventh Amendment immunity is jurisdictional" and "dismissal should [be] without prejudice." *Colby v. Herrick*, 849 F.3d 1273, 1278 (10th Cir. 2017).

[8] Dismissal for failure to exhaust administrative remedies under 42 U.S.C. § 1997e(a) is ordinarily without prejudice. *See Gallagher v. Shelton*, 587 F.3d 1063, 1068 (10th Cir. 2009).

[9] The Court previously entered judgment in this case, *see* Doc. No. 182, and Plaintiff filed an appeal to the Tenth Circuit Court of Appeals. During the pendency of the appeal, an issue arose about the finality of the judgment and the Tenth Circuit determined that the heart-healthy diet claim had not been adjudicated. *See David v. Crow*, Case No. 24-6167 (10th Cir.), Order [Doc. No. 56] filed April 25, 2025. The appeal is currently abated pending the adjudication of the claim by this Court. *Id*. The Tenth Circuit has instructed Plaintiff's appellate counsel to provide written notification within "five days of the district court's adjudication of [the] heart-healthy diet claim." *Id*., Doc. No. 60. The Court directs the Clerk of Court to provide notice of the entry of this Order and the Amended Judgment to Plaintiff's appellate counsel of record, Matthew Cushing.