## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

JEROME ADRIAN DAVID,                    )
                                        )
      Plaintiff,                        )
                                        )
v.                                      )        Case No. CIV-21-534-SLP
                                        )
SCOTT CROW, et al.,                     )
                                        )
      Defendants.                       )

## **O R D E R**

Before the Court are: (1) Plaintiff's Motion for a Prohibitory Preliminary Injunction [Doc. No. 211]; and (2) Plaintiff's Motion Requesting to Seal [Doc. No. 212].  Plaintiff initiated this action in 2021 and brought claims arising out of his incarceration by the Oklahoma Department of Corrections.  The record reflects that in March 2026, Plaintiff was released from custody.

In his Motion for injunctive relief, Plaintiff addresses alleged conduct occurring subsequent to his release from custody that does not appear to involve any named Defendants.  Moreover, the conduct is unrelated to the conduct which forms the basis of the claims raised in this action.  Accordingly, Plaintiff's Motion must be denied.  *See, e.g., Elliott v. Bondi*, No. 24-cv-02108-NYW-NRN, 2025 WL 1789314 at *2 (D. Colo. June 30, 2025) ("Courts will not grant preliminary [injunctive] relief that exceeds or does not relate to the claims raised in the complaint." (citing cases)).[1]

---

[1] Although Plaintiff's case is currently on appeal before the Tenth Circuit, and the filing of a notice of appeal generally divests a district court of jurisdiction, here the pending Motion involves a collateral matter, and, therefore, this Court retains jurisdiction to consider it.  *See, e.g., United*

In his Motion to Seal, Plaintiff asks the Court to seal his Motion seeking injunctive relief.  The Court finds Plaintiff has failed to establish grounds for  granting such relief. *See generally, Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007) (addressing "strong presumption in favor of public access to judicial records"); *see also Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1241-42 (10th Cir. 2012) (accord).  The Court is certainly sympathetic to Plaintiff's concerns that his filings may subject him to harm, but Plaintiff "does not explain how depriving the public of access to the documents filed in this case will prevent [any] alleged retaliation by [gangs and other people]." *Boyd v. Planet Fitness*, No. 1:25-cv-00422-SCY, 2026 WL 1329620 at *2 (D.N.M. May 13, 2026).

IT IS THEREFORE ORDERED that Plaintiff's Motion for a Prohibitory Preliminary Injunction [Doc. No. 211] and Motion Requesting to Seal [Doc. No. 212] are DENIED.

IT IS SO ORDERED this 9th day of June, 2026.

SCOTT L. PALK
CHIEF UNITED STATES DISTRICT JUDGE

---

*States v. Hess*, No. 20-cr-98-CMA-GPG, 2023 WL 5309821 at * 1 (D. Colo. Aug. 11, 2023) (recognizing that a district court retains jurisdiction over "collateral matters" not involved in the appeal to include "matters involving different claims against different parties than those claims and parties in the matter pending appellate review"); *see also Lancaster v. Indep. Sch. Dist. No. 5*, 149 F.3d 1228, 1237 (10th Cir. 1998) (accord).